**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



| | | |
|---|---|---|
| **ERNEST PRIOVOLOS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL BUREAU OF INVESTIGATION** | : | **NO. 15-151** |
| **LABORATORY EMPLOYEES JOHN DOE 1** | : | |
| **AND JOHN DOE 2** | : | |

**MEMORANDUM**

**JONES, J.**                                     **FEBRUARY 26, 2015**

Plaintiff Ernest Priovolos brings this action pursuant to the Federal Tort Claims Act

("FTCA") based on allegations that the defendants, the Federal Bureau of Investigation ("FBI")

and two laboratory employees, falsified laboratory reports to implicate him in a crime and

withheld exculpatory evidence from him. He seeks to proceed *in forma pauperis*. For the

following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss

his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

**I.       FACTS[1]**

In 1989, while he was awaiting trial for murder in the Montgomery County Court of

Common Pleas, plaintiff was ordered by the state court to provide blood and hair samples for

analysis by the FBI in connection with his case. Plaintiff also obtained a court order to test blood

and hair samples from James Daniels, an alternate suspect. The FBI analyzed the samples and

issued a report concluding that Daniels could be eliminated as a suspect based on the physical

evidence. The report found that the samples from plaintiff were inconclusive. Plaintiff was

---

[1] The following facts are taken from the complaint and publicly available records from relevant
criminal and habeas proceedings.

convicted of murder and related offenses in 1990, and sentenced to an aggregate term of twelve

to twenty-seven years of imprisonment. *Commonwealth v. Priovolos*, 715 A.2d 420, 421 (Pa.

1998).

Plaintiff filed two petitions for post-conviction relief, both of which were unsuccessful.

*Commonwealth v. Priovolos*, 746 A.2d 621,  623 & 626 (Pa. Super. Ct. 2000).  He also

unsuccessfully sought *habeas* relief in federal court.  *See Priovolos v. Meyers*, Civ. A. No. 99-

6571 (E.D. Pa.).  However, in 2003, plaintiff was granted DNA testing on clothing recovered

from the crime scene.  As a result of that testing, a laboratory found an unknown source of

female blood on the clothing.  In September 2007, a state judge ordered the defendants to submit

certain evidence for testing, but they allegedly failed to comply with the order.  In November of

2012, plaintiff hired a forensics expert who concluded that plaintiff should have been excluded

as a suspect based on the physical evidence.

In this FTCA action,  plaintiff alleges that the defendants subjected him to false

imprisonment by falsifying laboratory reports and precluded him from obtaining relief under

Pennsylvania's post-conviction act by withholding exculpatory evidence.  He seeks an order

compelling the defendants to produce "all requested documents and things relative to full and

complete FBI reports submitted in Plaintiff's criminal case," a declaratory judgment that the

defendants violated the FTCA, and damages.  (Compl. at 5-6.)

## II.    STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Plaintiff cannot state a FTCA claim against the defendants—the FBI and two laboratory employees—because the only proper defendant in a FTCA case is the United States. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *see also* 28 U.S.C. § 2679(a). In any event, plaintiff cannot succeed on his FTCA claims. The Supreme Court has held that, to recover damages or other relief based on "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). That principle applies equally to cases brought under the FTCA. *See Dare v. United States*, 264 F. App'x 183, 185 (3d Cir. 2008) (per curiam). Here, success on plaintiff's claims would necessarily imply the invalidity of his convictions and related imprisonment, but he does not allege that those convictions were ever invalidated.

Indeed, the public record indicates they were not. Accordingly, plaintiff cannot succeed on his claims.[2]

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that plaintiff has no basis for an FTCA claim. Accordingly, he will not be permitted to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

---

[2] Furthermore, the FTCA does not subject the United States to injunctive relief or punitive damages. *See Michtavi v. United States*, 345 F. App'x 727, 730 n.4 (3d Cir. 2009) (per curiam).

4