IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERNEST PRIOVOLOS               :
      Plaintiff,
                                                               CIVIL ACTION
     v.                            :    NO. 15-0151

UNITED STATES OF AMERICA
      Defendant.             :

**MEMORANDUM**

Jones, II   J.                                              June 30, 2016

### I. Introduction

Currently pending before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, for Summary Judgment on the bases of failure to exhaust administrative remedies, statute of limitations, and preclusion under *Heck*.[1]

For the reasons that follow, Defendant's Motion shall be granted.

### II. Background

#### a. Factual History

The facts as alleged in Plaintiff's Amended Complaint are as follows:

On or about July 20, 1989, Plaintiff stood trial in the Montgomery County Court of Common Pleas for the murder of Cheryl Succa. (Am. Compl. ¶ 5.) Ultimately, a mistrial was declared and while awaiting retrial in October 1989, Plaintiff provided blood and hair samples for analysis by the Federal Bureau of Investigation ("FBI") to be used in comparison with similar samples recovered from Ms. Succa's clothing. (Am. Compl. ¶ 6.) Also during this time,

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994) (requiring invalidity of underlying criminal conviction in order to pursue damages arising out of said conviction).

Plaintiff's attorney obtained a court order for blood and hair samples from James Daniels, who the defense sought to portray as an alternate suspect. (Am. Compl. ¶ 7.) The following month, the FBI issued a second report ("1989 Report") of their findings regarding the blood and hair samples from Plaintiff and James Daniels. (Am. Compl. ¶ 9.) The results of the 1989 Report eliminated James Daniels as a suspect and were inconclusive with respect to the samples obtained from Plaintiff. (Am. Compl. ¶¶ 9-10.) On January 19, 1990, Plaintiff was convicted of third degree murder and related offenses, and sentenced to a term of 12 to 27 years of imprisonment. *Commonwealth v. Priovolos*, 715 A.2d 420, 421 (1998).[2]

In September 2003, Plaintiff sought and was granted the ability to have DNA testing conducted on clothing recovered from the crime scene. (Am. Compl. ¶ 12.) The laboratory results identified an unknown source of female blood ("2003 Report"). (Am. Compl. ¶ 13.) In 2007, the FBI was ordered to provide Plaintiff's counsel with missing and/or deleted information regarding DNA testing, however, Plaintiff alleges this never occurred. (Am. Compl. ¶¶ 14-16.) More than five years later, in November 2012, Plaintiff hired a forensics expert to review the 1989 Report, as well as the 2003 Report. (Am. Compl. ¶ 17.) In so doing, the expert concluded that based on the physical evidence, Plaintiff should have been excluded as a suspect.[3] (Am. Compl. ¶ 18.)

---

[2] Plaintiff apparently served this term but was subsequently incarcerated on unrelated charges. *Priovolos v. FBI,* 632 F. App'x 58, 61 n.2 (3d Cir. 2015).

[3] Plaintiff alleges that he received the 1989 Report through a Freedom of Information Act request and that portions of the report were either missing or deleted. (Am. Compl. ¶ 15(c)-(d).) In examining said Report together with the 2003 Report, Plaintiff's expert, Dr. Monte Miller, concluded that Plaintiff did not contribute to the stains on Cheryl Succa's flannel shirt and vest. (Am. Compl. ¶ 18; Resp. Ex. 1 at 3.) Dr. Miller further noted that, "[t]his information was available on [sic] the Nov. 20, 1989 FBI report and would have been obvious to any person knowledgeable on this subject." (Am. Compl. ¶ 18; Resp. Ex. 1 at 3.) Absent from Dr. Miller's findings, is any indication that the allegedly missing or deleted pages affected his ability to properly examine the reports or reach conclusions based upon the information contained therein.

### b. Procedural Background

On January 13, 2015, Plaintiff sought *in forma pauperis* ("IFP") status to file a Complaint against the FBI and two of its laboratory employees under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674, alleging abuse of process, false imprisonment, and intentional infliction of emotional distress. (ECF No. 1.) IFP status was denied without prejudice due to Plaintiff's failure to attach the requisite prisoner account statement to his application. (ECF No. 3.) Plaintiff was given time to correct this deficiency and on February 18, 2015, he resubmitted his request. (ECF No. 4.) On February 26, 2015, this Court issued a Memorandum and Order granting IFP status and dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because he improperly sued the FBI parties instead of the United States government. (ECF Nos. 5, 6.) This Court further determined that under the favorable termination rule articulated in *Heck*,[4] Plaintiff would be prohibited from bringing an FTCA claim against the United States because he had not shown that his conviction was ever invalidated. (ECF No. 5.)

On March 19, 2015, Plaintiff appealed this Court's decision and on November 9, 2015, said decision was affirmed in part, vacated in part, and remanded for further proceedings. (ECF No. 17); *see also Priovolos v. FBI,* 632 F. App'x 58 (3d Cir. 2015). Although this Court's ruling that it lacked jurisdiction over the FBI defendants and that Plaintiff was not entitled to punitive damages or injunctive relief was affirmed, the appellate court suggested this Court "may wish to permit Priovolos to amend his complaint" for further consideration of the propriety of any claims he may raise against the United States, as well as the propriety of dismissal under *Heck* in light of a more fully developed record. *Id*. at 59 n.1, 61 n.3. Accordingly, this Court granted Plaintiff leave to amend his Complaint and on December 16, 2015, Plaintiff did so, adding the United

---

[4] *See supra* n.1.

States as a defendant. (ECF No. 15.) On January 4, 2016 the Federal Bureau of Investigation and Laboratory Employees "John Doe 1" and "John Doe 2" were terminated as defendants. (ECF No. 18.) On April 6, 2016, Defendant United States filed a Motion to Dismiss Plaintiff's Amended Complaint alleging three grounds for dismissal: (1) failure to exhaust administrative remedies; (2) statute of limitations; and, (3) *Heck*. (ECF No. 26.) Plaintiff subsequently responded to same, thereby rendering Defendant's Motion ripe for disposition.

### III.     Standard of Review

Challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) take two forms: facial and factual. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein or attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). A factual attack, on the other hand, "argues that, while the pleadings themselves facially establish jurisdiction, one or more of the factual allegations is untrue thereby causing the case to fall outside the court's jurisdiction." *Leisk v. Elliot*, Civ. No. 14-3639, 2014 U.S. Dist. LEXIS 160276, at *3 (E.D. Pa. Nov. 12, 2014) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). "[I]n reviewing a factual attack, 'the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quoting *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 290 (3d Cir.2006) (citations omitted)). The trial court may, therefore, weigh evidence outside the pleadings in order to "satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. As such, no presumptive truthfulness attaches to allegations made in the Complaint insofar as Defendant launches a factual, rather than a facial,

4

attack. *Id.* The party claiming the existence of subject matter jurisdiction bears the burden of proof. *Id.* (citations omitted); *see also Lincoln Ben. Life Co.*, 800 F.3d at 105 (same).  For the reasons set forth below, this Court shall assess Plaintiff's Amended Complaint in accordance with the factual attack standard.

### IV.   Discussion

As previously noted, Defendant moves to dismiss Plaintiff's Amended Complaint for failure to exhaust administrative remedies, bringing claims outside the statute of limitations, and bringing claims that are barred by *Heck*. Because Plaintiff has in fact failed to properly exhaust his administrative remedies and is well beyond the statute of limitations for doing so,[5] this Court is without jurisdiction to reach the merits of Defendant's third argument. *See CNA*, 535 F.3d at 144 ("[A] district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion.").

#### a.   Plaintiff's Failure to Exhaust Administrative Remedies

Defendant's Motion to Dismiss is supported by a sworn Declaration[6] and therefore constitutes a factual attack on the court's subject matter jurisdiction. *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982).  In order to determine the existence of jurisdiction, this Court shall consider same, along with documentation submitted by Plaintiff in relation to the instant motion.

---

[5] In its decision on appeal, the Third Circuit stated that "we have not addressed in a precedential opinion whether *Heck* applies to FTCA actions. For purposes of this appeal, however, we will 'assume that the exception of *Heck* extends to FTCA claims.'" *Priovolos*, 632 F. App'x at 60 n.2 (citations omitted).  This decision was issued before the United States was properly named as a party in this action. Now that Plaintiff has amended his Complaint to include the United States, this Court must first ensure the existence of subject matter jurisdiction. Because the court lacks jurisdiction pursuant to 28 U.S.C. § 2675(a), I am precluded from determining the applicability of *Heck* to Plaintiff's claims.

[6] Namely, a sworn statement by Lori Lee Holland, Unit Chief of the Discovery Processing Unit ("DPU II") at the FBI.

Under 28 U.S.C. §§1346(b)(1), 2671–80, the FTCA operates as a limited exception to the United States' sovereign immunity from suit for certain tort claims. *See Abulkhair v. Bush,* 413 F. App'x 502, 506 (3d Cir. 2011). However, before bringing a FTCA claim in federal court, a claimant must exhaust administrative remedies:

> An action shall not be instituted…against the United States for money damages for injury…caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

Exhaustion of administrative remedies in this context "is jurisdictional and cannot be waived." *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (citations omitted). Thus, "a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F.Supp.2d 312, 313 (E.D.Pa.2000) (citing *McNeil v. United States*, 508 U.S. 106, (1993)); *see also Wujick v. Dale & Dale*, 43 F.3d 790, 793–94 (3d Cir.1994) (noting that administrative exhaustion under FTCA is mandatory and that Supreme Court "firmly rejected" the "no harm, no foul" reasoning)). When assessing jurisdiction is such cases, the court must be mindful of the fact that "because the FTCA is a waiver of sovereign immunity by the United States, its requirements are strictly construed." *Abulkhair*, 413 F. App'x at 506 (citing *White-Squire v. USPS*, 592 F.3d 453, 456 (3d Cir.2010)).

In an "Unsworn Declaration" submitted by Plaintiff, he states that "an administrative request for relief has been sent as of 4/14/16, to Lori Lee Holland, Discovery Unit, at Federal Building Legal Dept." (Resp. ¶ 16, Ex. 7.) However, a request for relief sent *after* initiating a

6

claim in federal court does not meet the *prerequisites* of 28 U.S.C. § 2675(a).  *See Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (reiterating "requirement that the appropriate federal agency act on a claim *before* suit can be brought" because said requirement "is jurisdictional and cannot be waived.") (emphasis added).

Plaintiff further maintains that he requested the November 1989 file by phone from "agent Benson or attorney of the FBI" and from the Montgomery County District Attorney (Resp. ¶ 14) and that "as of 2/15/16 he sent the entire file, [sic] of; [sic] 1) amended complaint; 2) District Court order for discovery of review of amended complaint, also filed a discovery request for interrogations and said documents…to the discovery unit or legal Dept [sic] at the FBI Building at 601 4th NW Street, Washington DC, on 3/16/16." (Resp. ¶ 15.)

With regard to Plaintiff's telephonic communications with "agent Benson or attorney of the FBI" and the Montgomery County District Attorney, these communications may not be construed as appropriate requests for relief . . .

> A tort claim against the United States shall be forever barred ***unless it is presented in writing to the appropriate Federal agency*** within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added).

Aside from the fact that Plaintiff did not present his claim(s) in writing at that time, the Montgomery County District Attorney is not a Federal agency and therefore falls outside the purview of § 2401(b). Although Plaintiff contends he did not receive a copy of the November 1989 file from the District Attorney, it is irrelevant for purposes of determining whether or not Plaintiff exhausted his administrative remedies under the FTCA.  Instead, a federal tort claim . . .

> shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard

7

> Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. §14.2(a); *see also* 28 USCS § 2675(a) (requiring any claim for money damages against the United States to be administratively exhausted via "the appropriate Federal agency[.]" ).

Although Plaintiff now seeks compensatory damages (Am. Compl. at 5, ECF No. 15 at 7) in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), he has presented this Court with no evidence to show he demanded a sum certain from the appropriate federal agency prior to commencing suit in federal court. *See White-Squire*, 592 F.3d at 460 (affirming dismissal of complaint because under "the administrative presentment requirement . . . the absence of a demand for a sum certain" divests the district court of jurisdiction); *Bialowas*, 443 F.2d at 1050 (recognizing that a sum certain is necessary in order for the appropriate federal agency to "process, settle or to properly adjudicate the claim" in the first instance).

In sum, this Court is left with absolutely no basis upon which to conclude that Plaintiff filed a timely and proper written claim for relief with the FBI or received in writing a final denial of that claim before bringing suit in federal court. Conversely, Defendant provides this Court with DPU II Unit Chief Lori Lee Holland's sworn Declaration, which demonstrates Plaintiff's failure to do so. The DPU II is responsible for "locating, reviewing, and processing all responsive materials pertaining to litigation and administrative matters the Bureau is either directly or indirectly involved with." (Mot. Dismiss Ex. 1, ¶¶ 1-2.) As Unit Chief, Ms. Holland has access to records contained in the FBI's Central Record System, which is the records maintenance and retrieval system where all administrative claims submitted to the FBI are indexed. (Mot. Dismiss Ex. 1, ¶¶ 2-3.) As of February 19, 2016, a search of the FBI's Central

Records Systems revealed "no record of any administrative claim submitted by or on behalf of Plaintiff, Ernest Priovolos, related to [this] lawsuit." (Mot. Dismiss Ex. 1, ¶¶ 3, 5.)

As referenced above, exhibits to Plaintiff's Response demonstrate that he mailed his first written request to the FBI's Legal Department on or about February 15, 2016, followed by a second request on or about March 16, 2016. (Resp. Ex. 6). These written requests fall woefully short of the dictates of § 2401(b) because they were made outside the required timeframe and *after* Plaintiff had filed suit in federal court. *See Lightfoot v. United States*, 564 F.3d 625, 627–28 (3d Cir.2009) (proof of mailing does not suffice for purposes of establishing that an administrative claim was sufficiently presented).

Weighing the evidence of record, this Court finds Plaintiff has failed to sustain his burden of demonstrating the existence of jurisdiction. Instead, it is apparent from the record that Plaintiff did not exhaust appropriate administrative remedies and as such, is now barred from pursuing claims against the United States under the FTCA.

**IV. Conclusion**

In light of the foregoing, Defendant's Motion to Dismiss shall be granted and Plaintiff's Complaint shall be dismissed with prejudice.[7]

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II        J.

---

[7] Inasmuch as Plaintiff is precluded from bringing suit against Defendant here before exhausting his administrative remedies and his FTCA claims are outside the statute of limitations under 28 U.S.C. § 2401(b), any further attempt to amend would be futile.